IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERRELL LUSTER | * | |
| Petitioner | * | |
| v. | * | Civil Action No.: GLR-20-3089 |
| UNITED STATES OF AMERICA | * | (Rel. Crim. Case: GLR-16-0453) |
| Respondent | * | |

\*\*\*

## **MEMORANDUM OPINION**

In response to Petitioner Terrell Luster's Motion to Vacate (ECF No. 762), Respondent asserts that the Motion is subject to dismissal because it is time-barred (ECF No. 778). Luster was granted an extension of time in which to file a response regarding his entitlement to equitable tolling through May 18, 2021. (See ECF Nos. 791, 796). The Court finds no need for an evidentiary hearing. See Local Rule 105.6 (D. Md. 2021). For the reasons stated below, the Motion must be denied and a certificate of appealability shall not issue.

On April 11, 2019, Luster signed a plea agreement that established his guilt on one count of conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. § 1962(d). (ECF No. 778-1). On July 12, 2019, Luster was sentenced to serve 23 years in prison, followed by 5 years supervised release; judgment was entered on July 15, 2019. (ECF No. 696). No appeal was filed. Therefore, Luster's Motion to Vacate was due to be filed in this Court on or before July 15, 2020.

The pending Motion to Vacate is dated October 12, 2020, and was received on October 23, 2020, approximately three months after the filing deadline. (ECF No. 762). The Motion is therefore untimely unless Luster can establish he is entitled to equitable tolling of the limitation

period, or his Motion otherwise fits within the exceptions found in 28 U.S.C. §2255(f). The statute provides for a one-year limitation period which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f). As noted, the Motion is untimely under the provision found in 2255(f)(1), i.e., it was filed more than one year from the date on which the judgment of conviction became final. To be entitled to equitable tolling, Luster must establish that either some wrongful conduct by Respondent contributed to his delay in filing his Motion, or that circumstances beyond his control caused the delay. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.

In his Motion, Luster's only argument to support a finding of equitable tolling is that the coronavirus (COVID-19 virus) pandemic limited his access to the law library and "restricted [him] from gain[ing] access to everything" needed to file his Motion. (ECF No. 762 at 11). Absent from Luster's Motion is any explanation as to what prevented him from filing his Motion in the approximately eight months between the entry of judgment and the beginning of the coronavirus pandemic nor does he describe the materials which were inaccessible or state when he gained access to these needed materials.

The claims asserted in the Motion are: (1) Luster's trial counsel failed to object to evidence regarding a murder Luster allegedly committed and inform him that he may be able to obtain a reduced sentence, (2) the trial court relied on acts of violence which were unrelated to the alleged organization, (3) the prosecution lacked evidence to establish charges against Luster, and (4) the "racketeering conspiracy is now considered non-violent." (Id. at 5-9). Based on the pleadings submitted, Luster has not established that these claims are of a nature such that Luster could not raise them without access to the law library or other legal materials. Nor can he assert that he was unaware of the factual basis for these claims prior to the filing deadline for the Motion to Vacate. Therefore, Luster fails to show that the inaccessibility of the law library for the approximately four-month period prior to the deadline poses an unconscionable impediment to Luster's compliance with the one-year limitations period. As such, Luster has failed to establish factors warranting equitable tolling. Having concluded that the Motion to Vacate was filed beyond the statute of limitation, the Court will deny the Motion as untimely in a separate Order which follows.

When denial of a Motion to Vacate is based solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rouse, 252 F.3d at 684 (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)). Luster has not demonstrated that a certificate of appealability is warranted in this case, but he may still request that the United States Court of Appeals for the Fourth Circuit issue such a

3

certificate.  See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

SO ORDERED this 13th day of July 2021.

/s/
George L. Russell, III
United States District Judge